mitted on the trial. The court also figured on 11 shares of stock; but there were in fact 12 shares. The complaint does not allege on what date plaintiff elected to declare a forfeiture of the shares, nor was any proof made on that subject; but we think it may be fairly inferred, from the allegations of the complaint and the time of commencing the action, that the forfeiture was declared as of the 3d day of March, 1899. The rights of the parties under the contracts must be determined as they existed on that day, in view of the action taken in declaring the forfeiture. Having declared a forfeiture of the stock, the association could no longer justly claim dues or premiums thereon, and having elected to reduce the loan to the amount advanced thereon and to terminate its liability to pay interest on the $800 mortgage, or to pay the principal thereof, it could no longer collect interest on that amount. The $36 deducted from the loan paid the plaintiff in full to October 3, 1898. On the 3d day of March, 1899, there was due and owing to plaintiff five monthly installments of $9 each for interest and premium on the $1,200, which, on that day, together with interest on each installment from the time it became due, aggregated $45.45. There was then also due and owing to plaintiff $3 for dues on said shares of stock which fell due on the 3d day of November, 1898, and $3 which fell due on the 3d day of December, 1898, together with interest thereon, aggregating $6.11. The dues subsequent to December 3, 1898, were expressly waived on the trial. Plaintiff advanced to defendant on the loan the sum of $280, which, together with the amount of dues, interest, and premium, as hereinbefore stated, aggregated $331.56. From this amount should be deducted $3.66, the interest to March 3, 1899, on the $120 unjustly retained by plaintiff, leaving a balance of $327.90, from which should also be deducted $10, the accrued interest on the mortgage for $800, which equity requires should be deducted, since plaintiff is allowed interest on the whole amount of $1,200 to March 3, 1899, leaving as a balance $317.90 due and owing to plaintiff by the defendant Jacob Smith on the 3d day of March, 1899, on account of said loan. The interest on this amount to the date of the decision is $11.60. It thus appears that there was owing to the plaintiff at the time of the decision the sum of $329.50, instead of $311.70, as found in the decision, which indicates an error of $17.80 to the prejudice of plaintiff; but, if the defendant shall stipulate that this correction may be made, there will be no necessity for a new trial. If, therefore, defendant shall stipulate, within 10 days after service of a copy of the order herein, that the amount found due and owing to the plaintiff, by the decision of the court and the judgment entered thereon, may be increased by $17.80, as of the date of entry of the judgment, the judgment shall be so modified, and, as thus modified, affirmed, without costs of this appeal to either party, and defendant shall be given 30 days in which to pay the amount due, in default of which plaintiff shall have judgment of foreclosure and sale; but, if defendant shall not so stipulate, then the judgment is reversed, and a new trial granted, with costs to appellant to abide the event.

MEYEROWITZ et al., Appellants, v. DEYO et al., Respondents. (Supreme Court, Appellate Term. June 28, 1900.) Action by Jacob Meyerowitz and Joseph Goodman against Royal D. Deyo and Lester C. Fitzgerald. From a judgment in favor of defendants, plaintiffs appeal. Affirmed. William Klingenstein, for appellants. Pannes & Eberhardt, for respondents.

PER CURIAM. Judgment affirmed, with costs.

MILLER, Respondent, v. HARTMAN, Appellant. (Supreme Court, Appellate Term. June 13, 1900.) Action by Lewis A. Miller against William Hartman. From a judgment in favor of plaintiff, defendant appeals. Reversed. Herbert F. Andrews, for appellant. Joseph M. Williams, for respondent.

PER CURIAM. There is no evidence that at the time of the making of the check the defendant did not have sufficient funds on deposit in the bank upon which it was drawn. The judgment must therefore be reversed. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MILLER v. RUDD et al., Appellants (CORNELL et al., Respondents). (Supreme Court, Appellate Division, First Department. June 22, 1900.) Action by Thaddeus K. Miller against Janet Rudd and others and Annie E. Cornell and others. A. G. Fox, for appellants. J. E. Parsons, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

MILLS, Appellant, v. LAWRENCE, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 29, 1900.) Action by Bert H. Mills against Samuel M. Lawrence. No opinion. Judgment affirmed, with costs.

MOHR, Respondent, v. LEHIGH VAL. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 22, 1900.) Action by George W. Mohr against the Lehigh Valley Railroad Company.

PER CURIAM. It appearing the four justices qualified to sit in this case are equally divided in their opinion, it is hereby directed that the case be certified to the Third judicial department, in accordance with the provisions of section 231 of the Code of Civil Procedure.

MOORE, Respondent, v. VOSBURGH, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 22, 1900.) Action by Lou P. Moore against John L. Vosburgh.

PER CURIAM. Judgment and order affirmed, with costs, unless within 20 days from the service of a copy of this order the defendant serves an amended answer setting up the statute of frauds, leave to serve which is hereby granted, and pays the costs of the action, including the costs of this appeal, in which case the judgment and order are reversed, and a new trial granted.

MORGAN v. COWLE et al. (Supreme Court, Appellate Division, Fourth Department. May

29, 1900.) Action by William J. Morgan, as comptroller, etc., against William J. Cowle and another.

PER CURIAM. Motion for reargument denied, with $10 costs. All concur, except McLENNAN, J., not voting. See 63 N. Y. Supp. 608.

MORRISON, Respondent, v. BROOKLYN CITY R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 12, 1900.) Action by James M. Morrison, by Annie Morrison, his guardian ad litem, against the Brooklyn City Railroad Company. No opinion. Order affirmed on argument, with $10 costs and disbursements.

MURGATROYD, Respondent, v. TOWN OF HEMPSTEAD GAS & ELECTRIC LIGHT CO., Appellant (two cases). (Supreme Court, Appellate Division, Second Department. May 29, 1900.) Actions by William Murgatroyd and Annie Murgatroyd against the town of Hempstead Gas & Electric Light Company. No opinion. Motion for reargument denied. See 64 N. Y. Supp. 1144.

MURPHY et al., Respondents, v. NEW YORK & O. R. CO., Appellants. (Supreme Court, Appellate Division, Third Department. June 28, 1900.) Action by Jeremiah P. Murphy, John L. Murphy, and Julia Murphy Martin against the New York & Ottawa Railroad Company.

PER CURIAM. Judgment affirmed, with costs. All concur, except KELLOGG, J., dissenting.

MUTUAL LIFE INS. CO. OF NEW YORK, Respondent, v. YATES COUNTY NAT. BANK OF PENN YAN, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 5, 1900.) Action by the Mutual Life Insurance Company of New York against the Yates County National Bank of Penn Yan, impleaded, etc.

PER CURIAM. It appearing to the satisfaction of a majority of this court that two of its members are disqualified from sitting in this case by reason of the fact that they are policy holders in the plaintiff company, it is hereby directed that the case be certified to the Third judicial department, in accordance with section 231 of the Code of Civil Procedure. See 54 N. Y. Supp. 743.

NEW YORK ROOFING CO., Respondent, v. SMITH et al., Appellants. (Supreme Court, Appellate Division, First Department. June 22, 1900.) Action by the New York Roofing Company against James B. Smith and others. J. F. Miller, for appellants. T. Baumeister, for respondent. No opinion. Judgment affirmed, with costs.

NIELSEN, Respondent, v. NORWEGIAN AMERICAN SEAMEN'S ASS'N, Appellant. (Supreme Court, Appellate Division, Second Department. June 22, 1900.) Action by Emil Nielsen against the Norwegian American Seamen's Association. No opinion. Judgment of the municipal court affirmed, with costs. See 62 N. Y. Supp. 1142.

NORTHRUP et al., Respondents, v. CHENEY et al., Appellants. (Supreme Court, Appellate Division, Third Department. June 28, 1900.) Action by Edwin R. Northrup and Rosello Vanderwerker against Edward ·D. Cheney and Edward W. Cheney. No opinion. Judgment and order affirmed, with costs. See· 50 N. Y. Supp. 389.

OBERSTEIN et al., Respondents, v. DIACK, Appellant. (Supreme Court, Appellate Term. June 28, 1900.) Action by Abraham Oberstein and another against Susan M. Diack. From a judgment in favor of the plaintiffs, defendant appeals. Reversed. Charles M. Morgan & Son, for appellant. Leon Sanders, for respondents.

PER CURIAM. From the judgment it seems that the justice found $200 a fair charge for the services claimed to have been rendered for defendant. The evidence does not warrant the finding, as there is no evidence of the value of the wife's interest in the policy. From the evidence it is not clear that the services were rendered for the defendant. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

In re O'BRIEN. (Supreme Court, Appellate Division, First Department. June 22, 1900.) In the matter of Ellen O'Brien, deceased. No opinion. Motion denied upon payment of $10 costs.

O'SULLIVAN v. DEVLIN. (Supreme Court, Appellate Division, First Department. June 15, 1900.) Action by Thomas J. O'Sullivan against Michael Devlin. No opinion. Motion denied. See 63 N. Y. Supp. 475.

In re OTTERSON. (Supreme Court, Appellate Division, First Department. May 25, 1900.) In the matter of Marie Otterson, as administratrix. J. F. Miller, for administratrix. J. H. Miller, opposed. No opinion. Order affirmed, with $10 costs and disbursements.

PAYNE, Respondent, v. ROUSS, Appellant. (Supreme Court, Appellate Division, Second Department. June 5, 1900.) Action by A. Parke Payne against Charles Broadway Rouss. No opinion. Motion for leave to appeal to the court of appeals denied. See 61 N. Y. Supp. 705.

PEOPLE, Respondent, v. HOLMES, Appellant. (Supreme Court, Appellate Division, Third Department. June 28, 1900.) Proceeding by the people of the state of New York against Russell E. Holmes. No opinion. Judgment and order affirmed, with costs. See 52 N. Y. Supp. 939; 54 N. Y. Supp. 1111.

PEOPLE, Respondent, v. MERCANTILE CO-OP. BANK, Appellant. (Supreme Court, Appellate Division, Second Department. June 12, 1900.) Action by the people of the state of New York against the Mercantile Co-operative Bank. No opinion. Transferred to the First department.

PEOPLE ex rel. CARROLL, Appellant, v. ROOSEVELT et al., Respondent. (Supreme Court, Appellate Division, First Department.